**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARRELL JOE RIGGINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-0058-JED-FHM** |
| | ) | |
| **RODNEY R. REDMAN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**OPINION AND ORDER**</u>

On February 4, 2015, Petitioner Darrell Joe Riggins, a state inmate appearing *pro se,* filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1). On February 26, 2015, Petitioner filed an amended petition (Doc. 7). In response to the amended petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Doc. 11). Petitioner filed a response to the motion to dismiss (Doc. 13). For the reasons discussed below, Respondent's motion to dismiss shall be denied. However, because Petitioner failed to present his claims raised in Grounds 2 and 3 to the Oklahoma Court of Criminal Appeals (OCCA) and exhaustion would be futile, the claims are defaulted and will be denied unless Petitioner can overcome the anticipatory procedural bar by demonstrating either "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered. Further, Respondent shall respond to the exhausted claim raised in the amended petition, i.e., Ground 1.

***BACKGROUND***

The record reflects that, at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2012-156, Petitioner was convicted of Endeavoring to Manufacture Controlled Drugs (Methamphetamine), After Former Conviction of a Felony (Doc. 11-3 at 1). Attorneys Shena Burgess and Richard Koller represented Petitioner at his trial. *Id.* at 4. The jury recommended a

sentence of sixteen (16) years imprisonment, and the trial judge sentenced Petitioner in accordance with the jury's recommendation.  *Id.* at 1.

Petitioner perfected a direct appeal to the OCCA (Doc. 11-1).  Represented by attorney Stuart Southerland, Petitioner raised one (1) proposition of error, as follows:

| Proposition 1: | The evidence was insufficient to support Appellant's conviction for endeavoring to manufacture methamphetamine. |

*Id.*  In an unpublished summary opinion, entered October 1, 2013, in Case No. F-2012-955, the OCCA affirmed the trial court's judgment and sentence (Doc. 11-3).

On September 11, 2014, Petitioner filed an application for post-conviction relief in the state trial court (Doc. 1 at 38-53).  Petitioner raised three (3) propositions of error, as follows:

| Proposition 1: | Petitioner was denied effective representation by trial counsel; |
| Proposition 2: | Petitioner was denied his constitutional right to a fair and impartial trial; and |
| Proposition 3: | Petitioner was denied effective representation on appeal. |

*See id.*  On January 27, 2015, the trial court denied Petitioner's application for post-conviction relief (Doc. 11-4).  Nothing before the Court indicates that Petitioner appealed the denial of his application for post-conviction relief to the OCCA.

In his amended petition for a writ of habeas corpus, Petitioner raises three (3) grounds of error, as follows:

| Ground 1: | Insufficient Evidence. |
| Ground 2: | Illegal Search and Inventory. |
| Ground 3: | False Testimony. |

*See* Doc. 7.  In response to the amended petition, Respondent filed a motion to dismiss, arguing that the amended petition should be dismissed as a mixed petition containing both exhausted and unexhausted claims (Doc. 11).  Respondent argues that while Petitioner exhausted Ground 1 on direct appeal and raised Grounds 2 and 3 in his application for post-conviction relief, Petitioner never appealed the state trial court's denial of his application for post-conviction relief.  *Id.* at 2.  Therefore, Petitioner has not exhausted Grounds 2 and 3.  *Id.*  Petitioner responds that "if you have something wrong in your case it should be look[ed] at in any court.  I'm only doing what I was told to do.  I just would like someone to hear me."  Doc. 13 at 1.

### ANALYSIS

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citations omitted).  To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court.  *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971).  A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The exhaustion requirement is based on the doctrine of comity.  *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citations omitted) (per curiam).  To satisfy the exhaustion requirement, a prisoner must afford the state courts

an "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," *Picard*, 404 U.S. at 277 (internal quotation marks and citation omitted) (brackets in original), "which entails presentation both of the facts on which he bases his claim and the constitutional claim itself." *Wilson v. Workman*, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted), *overruled on other grounds as recognized in Glossip v. Trammell*, 530 F. App'x 708, 736 (10th Cir. 2013).  The burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

In this case, after reviewing the record, the Court finds that, while Petitioner raised Ground 1 on direct appeal, he has not presented Grounds 2 and 3 of his amended petition to the OCCA.  In Ground 2, Petitioner claims that his vehicle was illegally searched and seized (Doc. 7 at 7). Petitioner did not present this claim to the OCCA on direct appeal (*see* Doc. 11-1).  In his application for post-conviction relief, Petitioner raised a claim of ineffective assistance of trial counsel based on the failure of trial counsel to contest the search and seizure of his vehicle and a claim of ineffective assistance of appellate counsel for failure to raise the issue on appeal (Doc. 1 at 40, 45).  Petitioner never appealed the post-conviction denial of these claims to the OCCA.  Even if Petitioner had pursued a post-conviction appeal, exhaustion of the ineffective assistance of counsel claims would be insufficient to exhaust the underlying "analytically distinct" illegal search and seizure claim.  *See Medicine Blanket v. Brill*, 425 F. App'x 751, 753-54 (10th Cir. 2011) (unpublished)[1] (finding petitioner's due process claim was not exhausted even though it "shar[ed] a similar factual predicate with [petitioner's exhausted] ineffective assistance of counsel claim"

---

[1]This and other unpublished opinions are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

4

(citation omitted)); *Richardson v. Ploughe*, Case No. 12-CV-01828-BNB, 2012 WL 4668759 at *5 (D. Colo. Oct. 2, 2012) (unpublished) ("To exhaust the factual basis for an ineffective assistance of counsel claim as an independent constitutional violation, a habeas petitioner must raise the claim separately." (citations omitted)); *Aguilar v. Tamme*, Case No. 13-CV-00494-MSK, 2013 WL 4551673 at *4 (D. Colo. Aug. 28, 2013) (unpublished). In Ground 3 of his amended petition, Petitioner claims that a witness at his trial gave false testimony (Doc. 7 at 8). It appears that Petitioner challenged the veracity of a witness's testimony in proposition 2 of his application for post-conviction relief, (*see* Doc. 1 at 43-45). However, as stated above, he failed to file a post-conviction appeal. Therefore, both Grounds 2 and 3 of the amended petition are unexhausted. The amended petition is "mixed" because it contains both exhausted and unexhausted claims.

While the Court could require Petitioner to return to state court to raise Grounds 2 and 3 in a second post-conviction application, the OCCA routinely applies a procedural bar to such claims unless the petitioner provides "sufficient reason" for his failure to raise the claim in an earlier proceeding. Okla. Stat. tit. 22, § 1086; *Moore v. State*, 889 P.2d 1253 (Okla. Crim. App. 1995). Nothing in the record suggests that Petitioner has "sufficient reason" for failing to raise the claims in Grounds 2 and 3 in a prior proceeding. As a result, the OCCA would impose a procedural bar[2] on the claims if Petitioner raised them in a second application for postconviction relief. Because the claims would be subject to a procedural bar in the state courts, the Court finds it would be futile to require Petitioner to return to state court to exhaust the claims. *See Duckworth*, 454 U.S. at 3 (explaining that the futility exception is supportable "only if there is no opportunity to obtain redress

---

[2]The resulting procedural bar, based on Okla. Stat. tit. 22, § 1086, would be independent and adequate to preclude federal habeas corpus review. *See Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008).

in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); *see also Coleman*, 501 U.S. 722; *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Therefore, in the absence of available State corrective process, *see* 28 U.S.C. § 2254(b)(1)(B), Petitioner's claims in Grounds 2 and 3 are not barred by the exhaustion requirement.  *See Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999). For that reason, Respondent's motion to dismiss for failure to exhaust state remedies shall be denied.

The Court finds that an anticipatory procedural bar[3] will be applied to the claims raised in Grounds 2 and 3 unless Petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of these claims.  *Coleman*, 501 U.S. at 750; *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  *Id.*  A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

---

[3]An "[a]nticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation and internal quotation marks omitted).

Within thirty (30) days of the entry of this Order, Petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims raised in Grounds 2 and 3 of his amended petition.  Respondent may file a response within thirty (30) days of the filing of Petitioner's brief.  Also, within thirty (30) days of the entry of this order, Respondent shall file a response to the exhausted claim raised in Ground 1 of the amended petition.  Petitioner may file a reply to Respondent's response to the exhausted claim within thirty (30) days of the filing of Respondent's response.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss for failure to exhaust state remedies (Doc. 11) is **denied.**

2. Within thirty (30) days of the entry of this Order, or by **March 7, 2016**, Petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims raised in Grounds 2 and 3 of the amended petition.

3. Respondent may file a **response** within thirty (30) days after the filing of Petitioner's brief addressing the defaulted claims.

4. If Petitioner fails to file a brief as directed above, his claims raised in Grounds 2 and 3 will be denied as procedurally barred.

5. By the above-referenced date, Respondent shall file a response to the exhausted claim raised in Ground 1 of the amended petition. Extensions of time will be granted for good cause only.

6. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response to Petitioner's exhausted claim.

7

ORDERED THIS 5th day of February, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE